IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARL WAYNE BUNTION**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-02683 |
| | § | *CAPITAL CASE* |
| **LORIE DAVIS**, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

———————————————

**Petitioner's Reply to
Respondent's Motion for Summary Judgment**

———————————————

**This is a death penalty case.**

David R. Dow
Texas Bar No. 06064900
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131

*Counsel to Carl Wayne Buntion*

# Table of Contents

Table of Contents………………........................................................ .2

Index of Authorities…………......................................................... 4

Table of Exhibits……………........................................................ 6

Petitioner's Reply to Respondent's Motion for Summary Judgment....... 7

I.  Buntion's claim that his rights pursuant to the Due Process
    Clause were violated by the trial judge who presided over his
    1991 trial is not successive, nor is the application in which it
    is raised………… ..................................................................... 8

II.  The law-of-the-case doctrine should not prevent this Court
     from addressing the merits of Buntion's claim............................. 18

III.  The entirety of Buntion's claim related to pretrial publicity
      was exhausted. Respondent's argument to the contrary is
      specious…………….......................................................... 23

IV.  Buntion has no presented a separate claim "of cumulative
     IATC." Buntion has merely asked this Court to consider the
     totality of the evidence in determining whether he received
     ineffective assistance, as *Strickland v. Washington* suggests
     it must……………. ........................................................... 24

V.  If this Court believes Buntion's claim that his death
    sentence is arbitrary because it is based on the jury's
    unreliable speculation about his future behavior is
    unexhausted, it should not find the claim is procedurally
    defaulted……….. ............................................................... 25

VI.  This Court should not find procedurally defaulted Buntion's
     claim that his ability to present mitigating evidence was
     impeded……………….......................................................... 26

Conclusion and Prayer for Relief...........................................................27

Certificate of Service.............................................................................28

# Index of Authorities

## Cases

*Adams v. Thaler,*
    679 F.3d 312 (5th Cir. 2012) ........................................................ 16

*Buntion v. Quarterman,*
    524 F.3d 664 (5th Cir. 2008) ........................................................ 22

*Buntion v. State,*
    482 S.W.3d 58 (Tex. Crim. App. 2016) ........................................ 24

*Burroughs v. United States,*
    515 F.2d 824 (5th Cir. 1975) ........................................................ 15

*Deal v. United States,*
    508 U.S. 129 (1993) ........................................................................ 13

*Galtieri v. United States,*
    128 F.3d 33 (2d Cir. 1997) ............................................................ 12

*Hardeman v. Quarterman,*
    516 F.3d 272 (5th Cir. 2008) ........................................................ 16

*King v. Morgan,*
    807 F.3d 154 (6th Cir. 2015) ........................................................ 19

*In re Lambrix,*
    776 F.3d 789 (11th Cir. 2015) ...................................................... 20

*In re Lampton,*
    667 F.3d 585 (5th Cir. 2012) ........................................................ 17

*Johnson v. United States,*
    623 F.3d 41 (2d Cir. 2010) ...................................................... 12-13

*Lacy v. Gardino,*
    791 F.2d 980 (1st Cir. 1986) ...................................................... 19-20

*Magwood v. Patterson,*
    561 U.S. 320 (2010) ...................................................................... 9-11

*Magwood v. Smith,*
    608 F. Supp. 218 (M.D. Ala. 1985) .................................................. 9

*Propes v. Quarterman,*
    573 F.3d 225 (5th Cir. 2009) ......................................................... 20

*Ramos v. Davis,*
    653 F. App'x 359 (5th Cir. 2016) ............................................... 16-17

*Rosales-Garcia v. Holland,*
    322 F.3d 386 (6th Cir. 2003) ......................................................... 19

*Shore v. Warden,*
    942 F.2d 1117 (7th Cir. 1991) ....................................................... 20

*Strickland v. Washington,*
    466 U.S. 668 (1984) ...................................................................... 24

*Suggs v. United States,*
    705 F.3d 279 (7th Cir. 2013) ......................................................... 15

*United States v. Jackson,*
    865 F.3d 946 (7th Cir. 2017) ......................................................... 15

*Wentzell v. Neven,*
    674 F.3d 1124 (9th Cir. 2012) ....................................................... 14

*Williams v. Pennsylvania,*
    136 S. Ct. 1899 (2016) .................................................................. 22

*Wilson v. Sellers,*
    138 S. Ct. 1188 (2018) .................................................................... 2

## Table of Exhibits

Exhibit 1          Docket for *Suggs v. United States*, No. 10-3944

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARL WAYNE BUNTION**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action N. 4:17-cv-02683 |
| | § | *CAPITAL CASE* |
| **LORIE DAVIS**, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

_____

_____

**Petitioner's Reply to
Respondent's Motion for Summary Judgment**

_____

**This is a death penalty case.**

Petitioner Carl Wayne Buntion filed his Petition for a Writ of

Habeas Corpus (ECF No. 4) on June 7, 2018. Respondent filed her

Motion for Summary Judgment with Brief in Support (ECF No. 17) on

April 18, 2019. Pursuant to the Court's June 20, 2018 Scheduling Order

(ECF No. 11), Buntion now files this Reply to Respondent's Motion for

Summary Judgment.[1]

## I.   Buntion's claim that his rights pursuant to the Due Process Clause were violated by the trial judge who presided over his 1991 trial is not successive, nor is the application in which it is raised.

Respondent's argument that this Court should dismiss Buntion's

Due Process claim as successive pursuant to Section 2244(b)(1), *see* ECF

No. 17 at 32-47, is flawed for two reasons: 1) it asks this Court to apply

the phrase "second or successive" to individual claims presented in an

application instead of to the application as a whole; and 2) it asks this

Court to interpret the Supreme Court's opinion in *Magwood v. Peterson*,

561 U.S. 320 (2010), in a manner that is different from every federal

court of appeals that has considered its application to a claim similar to

Buntion's.

Section 2244(b)(1) only requires dismissal of claim that was

presented in a previous habeas application if it is subsequently

presented in a "second or successive habeas corpus application." 28

U.S.C. § 2244(b)(1). Because "AEDPA uses the phrase 'second or

---

[1] In this Reply, Petitioner responds only to those arguments made by Respondent he deems merit a Reply.

successive' to modify 'application,'" the question this Court must answer in determining whether section 2244(b)(1) requires Buntion's previously-presented claim be dismissed is whether the application in which it is raised is a "second or successive" application. *See Magwood*, 561 U.S. at 334. Respondent has asked this Court to find that "second or successive" applies to individual claims. ECF No. 17 at 33 ("Buntion's claim is successive."). That is precisely what the *Magwood* Court said this Court cannot do. *Magwood*, 561 U.S. at 335 ("that does not entitle us to rewrite the statute to make the phrase 'second or successive' modify claims as well").

The petitioner in *Magwood* was initially sentenced to death in 1981 for the 1979 murder of a sheriff in Alabama. *Id.* at 324. In his initial federal habeas proceeding, the district court entered an order vacating his sentence of death and ordering the trial court to give Magwood a new sentencing trial,[2] the result of which was Magwood was again sentenced to die. Again, Magwood sought relief from the federal district court through an application for a writ of habeas corpus.

---

[2] The federal district court found that the trial court's finding that two mitigating factors did not exist constituted an unreasonable determination of the facts. *Magwood v. Smith*, 608 F. Supp. 218, 225-26 (M.D. Ala. 1985).

Specifically, he argued that his death sentence was unconstitutional because at the time of his 1979 offense, he did not have fair warning that his conduct would be sufficient to warrant a death sentence. *Magwood*, 561 U.S. at 328. The district court granted Magwood relief. *Id.* On appeal, the Court of Appeals for the Eleventh Circuit reversed. With respect to whether section 2244(b) required Magwood's claim be dismissed, that court engaged in precisely the analysis Respondent has argued this court should utilize in its analysis of Buntion's claim. Specifically, the Court of Appeals concluded the district court should have "'separate[d Magwood's] new claims challenging the resentencing from the old claims that were or should have been presented in the prior application.'" *Magwood*, 561 U.S. at 329 (*quoting Magwood v. Culliver*, 555 F.3d 968, 975 (11th Cir. 2009)). Respondent has essentially asked this Court to do this to Buntion's application and find his first claim in his application (but not the others) to be successive because it could have been (and, in fact, was) presented in a prior application.

Magwood argued to the Supreme Court that the Eleventh Circuit's analysis was flawed because an application cannot be considered to be

"second or successive" pursuant to section 2244 if it is the first application challenging a state court judgment. *Magwood*, 561 U.S. at 331. Magwood argued that his resentencing led to a new judgment and that the application at issue was his first challenging that new judgment. *Id.* The Supreme Court agreed with Magwood. *Id.*

Alabama had argued that this interpretation would mean that a petitioner whose previous sentence had been vacated would be able to challenge his undisturbed conviction in the application following his resentencing, something the state believed a habeas applicant should not be permitted to do. *Id.* at 342. The *Magwood* Court was unable to address this concern because Magwood's application did not challenge his conviction. *Id.*

In the years since *Magwood* was decided, a handful of the courts of appeals have addressed the question not resolved by *Magwood*: whether a petitioner, like Buntion, can challenge his undisturbed conviction in his first application challenging a new judgment resulting from a resentencing. Prior to the Supreme Court's issuing its decision in *Magwood*, the rule in the Court of Appeals for the Second Circuit was that an application filed after a resentencing was a second application

to the extent it challenged the undisturbed conviction and a first application to the extent it challenged the new sentence. *Galtieri v. United States*, 128 F.3d 33, 38 (2d Cir. 1997). In other words, under the Second Circuit's pre-*Magwood* rule, it was possible for an application to be considered *both* a first *and* a second application (which is essentially what Respondent has asked to find with respect to Buntion's application).

After the Supreme Court issued its opinion in *Magwood*, the Second Circuit recognized its earlier decision could not be reconciled with *Magwood. Johnson v. United States*, 623 F.3d 41, 44 (2d Cir. 2010). One reason the earlier decision (*Galtieri*) could not be reconciled with *Magwood*, is that under the earlier decision, the Second Circuit applied the phrase "second or successive" to claims within an application, but the *Magwood* Court held the phrase applies to entire applications and not the individual claims contained therein. *Id.*

Having decided its earlier decision could not be reconciled with *Magwood*, the court proceeded to decide the issue not resolved by *Magwood*: "whether *Magwood* applies in a situation where … a prisoner who successfully challenged his judgment of conviction in a prior

12

[application] files a subsequent [application] challenging the unamended portions of his conviction and sentence." *Johnson*, 623 F.3d at 45. The second circuit was presented this issue in the case of *Johnson v. United States*. Johnson was originally convicted of three separate crimes: bank robbery, armed bank robbery, and using a firearm in a crime of violence. *Johnson*, 623 F.3d at 42. In his initial federal habeas proceedings, finding it violated Johnson's rights under the Double Jeopardy clause, the Second Circuit vacated Johnson's conviction for bank robbery and affirmed the district court's judgment as modified. *Id.* at 43. In his first application following the entry of the new judgment, Johnson argued his conviction for possessing a firearm during a crime of violence should also have been vacated. *Id.* Though the court's earlier decision had not affected his conviction for possessing a firearm, the Second Circuit recognized the new judgment it entered after vacating Johnson's conviction for bank robbery necessarily included all the components of his previous judgments, both the convictions and their accompanying sentences. *Id.* at 46 (*quoting Deal v. United States*, 508 U.S. 129, 132 (1993) ("a judgment of conviction includes both the adjudication of guilt and the sentence"). While this scenario is not

13

identical to Buntion's case, it nonetheless answers the precise question
that must be answered here because the Second Circuit found that
under *Magwood*, Johnson could raise this claim even though the court's
earlier judgment left his conviction for possessing a firearm undisturbed
and even though the claim could have been raised in his initial
application. When presented a scenario almost identical to Johnson's
the Court of Appeals for the Ninth Circuit reached the same decision as
the Second Circuit. *Wentzell v. Neven*, 674 F.3d 1124, 1128 (9th Cir.
2012).

Respondent's argument that *Johnson* and *Wentzell* are
distinguishable from Buntion's case, ECF No. 17 at 43 n.12, is
unpersuasive. Buntion's receiving a new sentencing trial is not a reason
to find these cases to be distinguishable. The salient point shared by all
of these cases is that, in all three, an intervening judgment was entered.
In *Wentzell* and *Johnson*, subsequent to a new judgment being entered,
the petitioners were allowed to raise claims from convictions that were
not disturbed by the new judgments because the claims were contained
in their first applications challenging the new judgments. That the new

judgment in Buntion's case was the result of a new sentencing trial is not a reason to find a different outcome should result.

The one court of appeals that has been presented an opportunity to find *Magwood* extends to cases like Buntion's but has opted not to is the Seventh Circuit. That court's opinion in *Suggs v. United States*, 705 F.3d 279 (7th Cir. 2013), does not contain an explanation for how its pre-*Magwood* precedent could be reconciled with *Magwood*. The panel that issued the decision in *Suggs* simply noted that the Supreme Court had left the question open and found that in the absence of Supreme Court precedent, it was bound by circuit precedent. *Suggs*, 705 F.3d at 284.[3] As this Court is aware, in the Fifth Circuit, a panel is bound by a decision of a prior panel in the absence of intervening Supreme Court or en banc precedent. *See, e.g.*, *Burroughs v. United States*, 515 F.2d 824, 827 (5th Cir. 1975). The same appears to be true of the Seventh Circuit. *See, e.g.*, *United States v. Jackson*, 865 F.3d 946, 954 (7th Cir. 2017). It does not appear Suggs filed a petition for en banc rehearing. *See* Exhibit 1 (Docket for *Suggs v. United States*, No. 10-3944).

---

[3] One member of the three-judge panel dissented.

At most, *Suggs* stands for the proposition that if the question left open by *Magwood* has been squarely answered in a circuit, judges within that circuit might feel bound to uphold prior precedent. No such precedent exists in the Fifth Circuit that should lead either a panel of the Fifth Circuit or this Court to find the rule from *Magwood* does not apply to Buntion's claim. *Hardeman v. Quarterman*, 516 F.3d 272 (5th Cir. 2008), cited by Respondent as relevant Fifth Circuit jurisprudence, ECF No. 17 at 46, is irrelevant because there was no intervening judgment between the time the petitioner first attempted to raise his claim and  when he subsequently sought to raise it in a second petition after exhausting the claim. *Hardeman*, 516 F.3d at 274. Similarly, the petitioner in *Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012), simply attempted to argue that a previously unavailable claim had become available because of a recent Supreme Court decision and that his petition should not be considered successive because it constituted his first opportunity to raise the claim. *Adams*, 679 F.3d at 316. There was no intervening judgment between his initial habeas application and his motion which was construed as a successive petition. Similarly, there was no intervening judgment at issue in *Ramos v. Davis*, 653 F. App'x

359 (5th Cir. 2016). None of the Fifth Circuit cases cited by Respondent address the relevant issue because none address the effect an intervening judgment has on the character of a subsequently filed application of the claims contained therein.

Undersigned counsel believe the only Fifth Circuit opinion which has addressed an issue similar to what is at issue here is *In re Lampton*, 667 F.3d 585 (5th Cir. 2012). As Counsel explained in Buntion's petition, the *Lampton* court's decision not to follow the Second Circuit's decision in *Johnson* does not control Buntion's claim because it did not involve a new judgment but instead only a vacation of a conviction and sentence for a lesser included offense. ECF No. 4 at 42 n.4. Respondent concedes *Lampton* presents a different scenario because it does not involve an intervening judgment. ECF No. 17 at 41.[4]

To find Buntion's claim should be dismissed pursuant to section 2244(b), as Respondent desires, would require this Court to find that the phrase "second or successive" applies to individual claims within a

---

[4] The opinion from the Western District of Texas cited by Respondent— *Gonzales v. Davis*, No. 7:12-CV-126-DAE (W.D. Tex. Apr. 13, 2018), ECF No. 163 at 39-42—clearly runs afoul of *Magwood* because it does precisely what the *Magwood* Court says cannot be done and uses the phrase "second or successive" to apply to claims contained within an application instead of to the application. Of course, decisions from the Western District are not binding on this Court.

petition, which is precisely what the *Magwood* Court said this Court cannot do. Because no Fifth Circuit precedent compels this Court to hold otherwise, this Court should find that Buntion's claim, though presented in an earlier petition, should not be dismissed because it is contained in his first application filed subsequent to an intervening judgment. That it challenges the conviction, which was undisturbed by the previous judgment, should not lead this Court to reach a different conclusion.[5]

## II.   The law-of-the-case doctrine should not prevent this Court from addressing the merits of Buntion's claim.

Respondent has argued that the law-of-the-case doctrine should preclude this Court's revisiting Buntion's claim. ECF No. 17 at 53-58. This Court should find the law-of-the-case doctrine does not preclude its revisiting Buntion's claim for two reasons: 1) It is not at all clear that the law-of-the-case doctrine applies to Buntion's current application; and 2) Even if the law-of-the-case doctrine applies to this proceeding, it

---

[5] Because the new judgment included both the conviction and sentence, Buntion's conviction became final on June 27, 2016, the day his petition for a writ of certiorari off his direct appeal proceedings was denied. On that day, Buntion's properly filed state habeas application was pending. His federal petition was filed one year after relief was denied in state habeas proceedings. Respondent's statute of limitations argument, ECF No. 17 at 47-48 n.13, is unpersuasive.

should not preclude this Court's review of Buntion's claim because the Fifth Circuit's prior decision is clearly erroneous.

The law-of-the-case doctrine is applicable to Buntion's current application only if his current application is part of the same case as his prior application. Counsel do not believe there to be controlling Fifth Circuit precedent on this issue. None of the cases cited by Respondent has addressed the issue. The Court of Appeals for the Sixth Circuit has addressed the issue, and that court found that each habeas application constitutes a separate case; for that reason, the law-of-the-case doctrine is inapplicable to subsequent applications filed by the same petitioner. *King v. Morgan*, 807 F.3d 154, 160 (6th Cir. 2015); *see also Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (en banc) ("Whether successive habeas petitions constitute stages in a single, continuing lawsuit is a question that should be carefully considered … [We] think it likely each habeas petition is a separate and distinct case."). While the First Circuit does not appear to have conclusively decided the issue, its jurisprudence suggests it would decide the issue in the same manner as has the Sixth Circuit. *See Lacy v. Gardino*, 791 F.2d 980, 984 (1st Cir. 1986) ("It is by no means clear that these two

habeas petitions are part of the same case"). *But see In re Lambrix*, 776 F.3d 789 (11th Cir. 2015) (applying the law-of-the-case doctrine to successive habeas petitions); *Shore v. Warden*, 942 F.2d 1117, 1123 (7th Cir. 1991) (same).

Even if this Court finds the law-of-the-case doctrine applies to Buntion's claim, it should nonetheless find it is not bound by the Fifth Circuit's previous opinion because it was clearly erroneous. *See Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009). It was clearly erroneous for two reasons.

First, as this Court observed in its opinion in Buntion's previous habeas proceeding, the state court's decision was flawed for two key reasons: first, the state court decision indicated that court did not believe Buntion was entitled to relief because he had failed to marshal proof that Judge Harmon was actually biased; and second, the state court considered all of Buntion's claim individually rather than cumulatively. No. 4:04-cv-01328, ECF No. 42 at 38. The first error made by the state court and acknowledged by this Court evidenced that the state court would only grant Buntion relief if he had demonstrated Judge Harmon was actually biased. Supreme Court precedent makes

clear that Buntion is entitled to relief if there is risk the trial judge was actually biased. Stated differently, Buntion is entitled to relief on his claim if there is reason to presume Judge Harmon was biased even if Buntion could not marshal proof demonstrating he was actually biased.

On review, instead of recognizing the state court so erred, the court of appeals proceeded to determine whether Buntion had demonstrated Judge Harmon was presumptively biased. The state court provided a reasoned explanation for its decision. The Fifth Circuit should have reviewed the reasons given by the state court instead of supplying its own reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).[6]

Second, even if the court of appeals did not err in supplying its own reasoning to support the state court's ultimate conclusion, its opinion was nonetheless clearly erroneous. The court of appeals believed a court could only find Judge Harmon was presumptively biased if he had a direct interest in the case, had been a target of abuse

---

[6] Counsel do not believe the Fifth Circuit's ultimate conclusion doctrine can be reconciled with the Supreme Court's opinion in *Wilson v. Sellers*. The case cited by Respondent to argue the ultimate conclusion doctrine was not affected by *Wilson v. Sellers*, *Langley v. Prince*, see ECF No. 17 at 69, is currently pending en banc review, the en banc court having heard oral argument in January.

or criticism from Buntion, or had served in a grand jury like capacity.
*Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008). As explained
in greater detail in Buntion's petition, the Supreme Court made clear in
*Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), that a court reviewing
whether a judge was presumptively biased was not constrained to these
three areas. While *Williams* was handed down eight years after the
Fifth Circuit issued its opinion on Buntion's previous habeas case,
Respondent agrees that *Williams* did not contain a new rule. ECF No.
17 at 64. If *Williams* is not a new rule, it indicates that the Fifth Circuit
misinterpreted then-existing Supreme Court precedent when it issued
its 2008 opinion.[7]

It is not at all clear the law-of-the-case doctrine should be found to
apply to Buntion's claim because it is contained in a new application,
which is arguably a new case. However, even if the doctrine applies, it
should not preclude this Court's revisiting the merits of Buntion's claim
because the decision was clearly erroneous, either because it failed to

---

[7] While Respondent agrees with Petitioner that *Williams* is not new law,
should this Court feel differently and instead believe *Williams* is new law that
renders Buntion's claim unexhausted, Buntion requests the Court enter an order
staying and abating these proceedings so that Counsel may present Buntion's claim
to the state habeas court. ECF No. 4 at 44.

address the actual reasoning provided in the state court decision or

because the reasoning it supplied in place of the state court's reasoning

was flawed as made clear by *Williams*.

## III. The entirety of Buntion's claim related to pretrial publicity was exhausted. Respondent's argument to the contrary is specious.

Three weeks[8] before jury selection was set to commence, District

Attorney Pat Lykos made a false statement designed to inflame

Buntion's potential jurors against him. The district attorney stated that

if Buntion was not sentenced to death, he would be subject to

mandatory parole. Realizing the effect this likely had on Buntion's jury,

Respondent devoted over six pages of her motion for summary judgment

to an attempt to convince this Court Buntion's claim was not fairly

presented to the state court. ECF No. 17 at 73-79. However, the CCA's

opinion makes clear that it understood Buntion's argument was that he

was denied his due process right to a fair trial because of pretrial

publicity, including the false inflammatory statement by the district

---

[8] Contrary to Respondent's assertion, ECF NO. 17 at 88, Counsel did not claim that the district attorney's statement was made three weeks before voir dire began. Counsel instead informed this Court that the statement was made three weeks before voir dire was to begin. ECF No. 4 at 54. While voir dire was subsequently delayed, at the time the district attorney gave the false and inflammatory statement, voir dire was set to begin in three weeks.

attorney. *Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016) ("Appellant argues that the combined effect of the pretrial publicity, the trial court's rulings, and the police presence deprived him of 'the chance for a fair and un-poisoned venire panel' and a fair trial.'"). Respondent's argument that Buntion's claim is unexhausted is specious. Moreover, this Court should find that the CCA's decision that the story containing the false statement was not prejudicial constituted an unreasonable determination of the facts.

IV.   **Buntion has not presented to this Court a separate claim "of cumulative IATC." Buntion has merely asked this Court to consider the totality of the evidence in determining whether he received ineffective assistance, as *Strickland v. Washington* suggests it must.**

The third claim in Buntion's petition is a multi-part claim that trial counsel provided him ineffective assistance, the concluding paragraph of which asks this Court to consider the cumulative effect of the individual errors if it does not believe any Buntion was prejudiced by any of the individual errors. Under *Strickland v. Washington*, 466 U.S. 668, this Court must consider the totality of the evidence in determining whether Buntion's trial counsel provided him ineffective assistance. *Strickland*, 466 U.S. at 695-96. Counsel did not present this

as a separate claim, as Respondent has argued it in her motion for summary judgment. ECF No. 17 at 129-30. If the state court did not consider the cumulative effect of the component parts of Buntion's claim, then it did not conduct the analysis required by clearly established federal law.

**V.    If this Court believes Buntion's claim that his death sentence is arbitrary because it is based on the jury's unreliable speculation about his future behavior is unexhausted, it should not find the claim is procedurally defaulted.**

Buntion raised on direct appeal a claim that his death sentence is unconstitutional because a jury's speculation about his future behavior is unreliable. In the time since Buntion's resentencing trial, his behavior at the Polunsky Unit has demonstrated that the jury's finding that he would constitute a future danger is false. As was true of Buntion's ineffective assistance of counsel claim, *see supra* Part IV, Respondent has divided Buntion's claim into separate claims to advance her specious procedural arguments. Buntion's claim that his death sentence is unconstitutional because it is based on an unreliable speculation about his future behavior which has proved false is a single claim. That the jury's decision has proved false is confirmation that it

25

was unreliable. Respondent's argument that the fact that the claim is
based to some degree on facts not previously available renders the claim
both unexhausted and procedurally defaulted, ECF No. 17 at 136, is
untenable. If the evidence that the jury's speculation is sufficient to
transform Buntion's claim into a new claim (and Counsel do not believe
it is), then this Court should not find the claim to be procedurally
defaulted. If it is a new claim, then the factual basis for that claim was
not previously available. Because of that, an attempt to exhaust the
claim (which, again, Counsel believes has been exhausted) would not
necessarily be futile. *See* Tex. Code Crim. Proc. art. 11.071, § 5(a)(1).

## VI.  This Court should not find procedurally defaulted Buntion's claim that his ability to present mitigating evidence was impeded.

As Respondent has noted, the CCA faulted Buntion for not raising
in his direct appeal his claim that the passage of time impeded his
ability to present mitigating evidence. ECF No. 17 at 139. Direct appeal
counsel, however, would not have been able to discover this claim. After
all, direct appeal counsel is not tasked with performing a mitigation
investigation. State habeas counsel is tasked with conducting a
mitigation investigation. It was only by attempting to conduct a proper

mitigation investigation that state habeas counsel was able to discover that the amount of time that had elapsed had made that investigation next to impossible. This Court should find the claim could not have been raised before it was raised in state habeas proceedings.

## Conclusion and Prayer for Relief

WHEREFORE, Petitioner Carl Buntion prays that this Court:

1.   Issue a writ of habeas corpus to have him brought before it, to the end that he may be relieved of his unconstitutional sentence of death;

2.   If necessary to resolve disputed factual issues, schedule an evidentiary hearing during which Buntion may present evidence in support of his claims;

3.   Grant such other relief as law and justice require.

Respectfully submitted,

s/ David R. Dow                                              s/ Jeffrey R. Newberry

_____                      _____

David R. Dow                                                 Jeffrey R. Newberry
Texas Bar No. 06064900                           Texas Bar No. 24060966
University of Houston                                University of Houston
Law Center                                                    Law Center
4604 Calhoun Rd.                                        4604 Calhoun Rd.
Houston, Texas 77204-6060                     Houston, Texas 77204-6060
Tel. (713) 743-2171                                    Tel. (713) 743-6843
Fax (713) 743-2131                                     Fax (713) 743-2131

*Counsel to Carl Wayne Buntion, Petitioner*

27

## Certificate of Service

I certify that on Monday, May 20, 2019, a copy of the foregoing pleading was electronically served on counsel for Respondent, Gwendolyn Vindell, via an email to email to gwendolyn.vindell2@oag.texas.gov by the electronic case filing system of the Court.

s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry